**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Jose Perez-Mendoza<br><br>　　　Plaintiff,<br><br>v.<br><br><br>Mission Lane LLC; and Equifax<br>Information Services, LLC,<br><br>　　　Defendants. | Case No.: 1:26-cv-25164<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit**<br>　　**Reporting Act** |

Plaintiff, Jose Perez-Mendoza, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.　INTRODUCTION

1.　This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.　PARTIES

2.　Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Miami-Dade, Florida.

3.　At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4.　Defendant, Mission Lane LLC ("Mission Lane") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Florida.

5.　At all times pertinent hereto, Defendant Mission Lane is a "person" as that

term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.     Defendant Mission Lane was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant Mission Lane is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant Equifax Information Services LLC ("Equifax") is a corporation existing under the laws of Florida and at all times relevant hereto was regularly doing business in the State of Florida.

9.     Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10.    Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

11.    At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12.    This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

13.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

14.    Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

## IV. FACTUAL ALLEGATIONS

15.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Mission Lane and Equifax (collectively, "Defendants") and has suffered particularized and concrete harm.

16.     Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18.     Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19.     After reviewing Plaintiff's consumer credit report Plaintiff discovered their Mission Lane account MISSIONLNTAB 4315************. (the "Account") being reported in error.

20.     The one debt of the Account is being reported twice.

21.     Mission Lane assigned the Account to Jefferson Capital.

22.     Once assigned the Account, Jefferson Capital began reporting the Account on Plaintiff's consumer report.

23.     Jefferson Capital reports the Account with a balance past due on Plaintiff's Equifax report.

24.     Because Mission Lane and Jefferson Capital both report the Account with a balance past due on Plaintiff's consumer report, Plaintiff's outstanding debt and number of adverse and delinquent accounts is overstated.

25.     The Account is reported with a different account number and different open date by Mission Lane and Jefferson Capital.

3

26.     The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

27.     The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

28.     On or about May 11, 2026, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

29.     Despite the clarity and detail provided in the Equifax Dispute the Account continued to appear twice on Plaintiff's Equifax consumer report with a balance past due.

30.     Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Mission Lane.

31.     Upon information and belief, Mission Lane received notification of Plaintiff's Equifax Dispute from Equifax.

32.     Mission Lane did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Mission Lane Account.

33.     Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34.     Upon information and belief, Mission Lane failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer

report.

35.     Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

36.     At no point after receiving the Equifax Dispute did Mission Lane and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

37.     Equifax relied on their own judgment and the information provided to them by Mission Lane rather than grant credence to the information provided by Plaintiff.

38.     Equifax published the false information regarding the Account to third parties.

39.     The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

40.     Plaintiff has lost time working to resolve the adverse information associated with the Accounts to prevent harm.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

41.     Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

42.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

43.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

44.     As a result of this conduct, action and inaction of Defendant Equifax Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.     In the alternative, Defendants Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

48.     Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

49.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

50.     Defendants Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

51.     As a result of this conduct, action and inaction of Defendants Equifax Plaintiff suffered damage and continues to suffer actual damages including economic

loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendants Equifax's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – MISSION LANE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

55. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

56. After receiving the Disputes, Mission Lane failed to correct the false information regarding the Mission Lane Account reporting on Plaintiff's consumer reports.

57. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Mission Lane's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Mission Lane's representations to consumer credit reporting agencies, among other unlawful conduct.

58. As a result of this conduct, action, and inaction of Defendant Mission Lane, Plaintiff suffered damages and continues to suffer actual damages including economic

loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.     Defendant Mission Lane's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.     In the alternative, Defendant Mission Lane was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Mission Lane pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 30, 2026.

_/s/ Trescot Gear_
Trescot Gear
Gear Law, LLC
711 South Howard Avenue, Suite 200
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff